UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          CRIMINAL ACTION

VERSUS                            NO. 03-258
                                  Civ. Act. 07-5296

ANTHONY Honeycutt                 SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Anthony Honeycutt ("Honeycutt"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the petition should be denied for the following reasons.

Honeycutt was convicted after trial on two counts: (1) conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1(B) and 846 (Count 1); and (2) conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and (C) and 846 (Count 3). He was subsequently sentenced to 121 months imprisonment on each of the counts, both terms to run concurrently. His convictions and sentence were affirmed on appeal. *United States v. Green*, 210 Fed. Appx. 401 (5th Cir. 2006). His petition for certiorari was

1

denied by the United States Supreme Court on March 5, 2007.   This motion was timely filed.

In this motion, Honeycutt challenges his sentence on six grounds: (1) his Fifth and Sixth Amendment rights were violated due to the manner in which the cocaine base violation were set forth in Count 3; (2) his Fifth and Sixth Amendment rights were violated when the government failed to disclose the lab testing of the cocaine base prior to trial and when his counsel failed to object to the relevant evidence; (3) his Sixth Amendment right to counsel was violated because his counsel failed to object that the evidence was insufficient as to Count 3 involving cocaine base; (4) his Fifth and Sixth Amendment rights were violated when his counsel failed to object to the cross-examination of his character witness by the government; (5) his Fifth and  Sixth Amendment rights were violated when his counsel failed to object to the inadequacy of the charges against him; (6) his Sixth Amendment rights were violated when his counsel failed to object to the pre-sentence report based of the insufficiency of the evidence at trial.  The government opposes the motion.

**(1) Adequacy of charges**

Honeycutt argues that the government denied his Fifth Amendment right to due process was violated "by not charging him with [p]ossession with the intent to distribute 50 grams or more of cocaine base (crack) and his 6th Amendment right to the

notice of charges against [him]" under Fed. R. Crim. Pro. 7(1)(B)(b)(e).  The government argues that the defendant is procedurally barred from attacking the indictment because he did not challenge the indictment either at trial or on appeal.  The Court finds that, notwithstanding any procedural bar, the indictment at issue adequately charged the defendant with the crimes for which he is convicted.

**(2) Lab results**

The defendant's second argument appears to be an alleged *Brady* violation based on his counsel's failure to object to the witnesses who testified as to the cocaine base violation contained in Count 3 and because his counsel did not request disclosure of information relative to the testing of the cocaine base.  He also appears to allege a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and claims that such disclosure would have been favorable to him.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  A defendant seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense.  *See id*. at 697.

To prevail on the deficiency prong, defendant must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.  *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is

deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Defendant must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the defendant is challenging the actions of trial or appellate counsel. In order to prove prejudice with respect to trial counsel, defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793. In order to prove prejudice with respect to a claim that appellate counsel was ineffective, defendant must

show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. *Briesno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001); *see also Smith v. Robbins*, 528 U.S. 259, 286 (2000). Therefore, defendant must demonstrate a reasonable probability that, if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. *Briesno*, 274 F.3d at 210.

Defendant bears the burden of proof when asserting an ineffective assistance of counsel claim. Defendant "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that defendant has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

The government acknowledges that no cocaine base was introduced into evidence, but that the conviction for possession with intent to distribute and distribution of cocaine base was based on the testimony of accomplices and co-conspirators. This claim lacks merit.

**(3) Insufficiency of evidence**

The defendant argues that the evidence was insufficient to support a conviction

5

and that his counsel was ineffective in failing to object on the issue. He claims that the government failed to charge any witness with actually possessing the fifty grams or more of cocaine base.

The United States Fifth Circuit Court of Appeals has noted that claims of insufficient evidence are to be analyzed pursuant to the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979):

> In considering challenges to the sufficiency of evidence in habeas proceedings, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Jackson*, 443 U.S. at 319). "The *Jackson* inquiry 'does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational decision* to convict or acquit.'" *Santellan*, 271 F.3d at 193 (quoting *Herrera v. Collins*, 506 U.S. 390, 402 (1993)) (emphasis added).

The government concedes that defense counsel did not make a motion for judgment of acquittal, but argues that there is no evidentiary support that the motion would have been granted or that Honeycutt has been prejudiced for purposes of *Strickland*, *supra*. The Fifth Circuit held, with reference to a challenge to the jury charge, "there was sufficient wiretap evidence and Government-witness testimony to prove the

existence of an extensive cocaine-base conspiracy." *Green*, 210 F.Appx. at 403. The Court agrees that there is ample evidence to support Honeycutt's conviction. This claim lacks merit.

**(4) Cross-examination of a defense character witness**

Honeycutt next argues that his counsel was ineffective in failing to object to the government's cross-examination of his character witness and his failure to request a limiting jury charge. This issue was addressed by the Fifth Circuit on appeal in terms of plain error and the conviction was upheld. The government responds that the cross-examination was constitutionally permitted and counsel's failure to request a limiting instruction resulted in no prejudice under *Strickland*, *supra*. Honeycutt provides no fact or argument to suggest that had the cross-examination not occurred or had his attorney objected and requested a limiting charge, the outcome at trial would have been different. The Court finds that this claim has no merit.

**(5) Sufficiency of charges**

Honeycutt again argues that the sufficiency of the charges against him should have been challenged in a motion under Fed. R. Crim. P. 29(c)(1), and that his counsel was ineffective in failing to make such a motion. Although the defendant is correct in noting that ineffective assistance of counsel claims can be made in a post-conviction motion under 28 U.S.C. § 2255 such as this, his argument lacks legal or factual support.

In any event, he can not meet the prejudice requirement of *Strickland*, *supra*, assuming that his attorney's performance was deficient.

**(6) Sentencing error**

Finally, Honeycutt claims that his attorney was ineffective in failing to object to the probation officer's pre-sentence report because the evidence was insufficient to support his conviction. This claim also fails for lack of factual support.

**Response memorandum**

In his reply memorandum, Honeycutt raises several additional claims. The government rightfully objects to the addition of these claims in this manner and time. Even if the timeliness issue did not exist, however, the Court finds that Honeycuttt fails to establish merit in any claim raised.

Honeycutt's arguments in the Response memorandum are especially difficult to understand. It appears, nonetheless, that he is arguing (1) that his counsel was ineffective because he failed to object to the pre-sentence report and that the judge is entitled to find facts by a preponderance of the evidence; (2) that his counsel was ineffective because the Sentencing Guidelines are advisory and allowed him to receive an increased sentence greater than the verdict allowed; (3) that his counsel was ineffective because he failed to object to the Court's fact findings and conclusions of law regarding "P2P"; (4) that his appellate counsel was ineffective because he did not raise

the increased sentence issue on appeal; (5) that his counsel was ineffective because he failed to object to judge-found facts that increased the sentence beyond that authorized by the jury verdict; (6)that his counsel was ineffective for not raising these issues concerning an excessive sentence on appeal; (7) that appellate counsel was ineffective because he did not raise issues concerning alleged directed verdicts and jury charges on appeal; (8) that his counsel was ineffective because he failed to object to the jury instructions; (9) that appellate counsel was ineffective for failing to raise issues regarding sufficiency of evidence on appeal; (10) that his counsel was ineffective because he failed to object at the closing of the government's evidence at trial based on insufficiency of evidence; (11) that appellate counsel was ineffective because he failed to raise the insufficiency of evidence on appeal; and (12) that his counsel was ineffective because he failed to request a lab testing of the cocaine base prior to trial.   Again, the Court finds that Honeycutt has failed to establish either prong of the *Stickland* test as to counsel's performance at sentencing or on appeal.

Honeycutt's arguments do not find support in the facts.  He claims that his counsel should have objected to the probation officer's pre-sentence report because he was sentenced under a "mandatory guideline range based on judge-found facts"  in violation of *United States v. Booker*, 543 U.S. 220 (2005).  He also claims that the increased sentence exceeded the maximum authorized by the jury verdict.   Here, the jury  found

that the conspiracy in Count 1 involved less than 100 grams of heroin, which the Court found to be 77 grams, and the conspiracy charged in Count 3 involved more than 50 grams of cocaine base according to the jury verdict.   He also appears to argue that the guidelines were erroneously calculated and that the Court went above the guidelines without providing reasons.   None of these facts are supported by the record.   The record reflects that the sentencing guideline range was 121-151 months, and he received a 121 month sentence on each of the two counts, to be served concurrently.   Finally, the Court has previously addressed the arguments regarding sufficiency of the evidence and finds them to be without merit.

    Accordingly,

    IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Anthony Honeycutt is DENIED.

    New Orleans, Louisiana, this 2nd day of June, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE